NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JIMMY WAYNE MEWBOURN, JR., *Appellant.*

No. 1 CA-CR 18-0117
FILED 3-26-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-125173-001
The Honorable Gregory Como, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Stephen M. Johnson, Inc., Phoenix
By Stephen M. Johnson
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Randall M. Howe joined.

---

**C R U Z**, Judge:

**¶1** This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Jimmy Wayne Mewbourn, Jr. has advised this court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Mewbourn was convicted of three felonies designated dangerous and repetitive — attempt to commit second degree murder, Arizona Revised Statutes ("A.R.S.") § 13-1104(A)(1); endangerment, A.R.S. § 13-1201(A); and assisting a criminal street gang, A.R.S. § 13-2321(B) — and one felony designated non-dangerous repetitive — possession of a weapon by a prohibited person, A.R.S. § 13-3102(A)(4). Mewbourn was given an opportunity to file a supplemental brief *in propria persona*; he has not done so. Finding no error upon reviewing the record, we affirm Mewbourn's convictions and sentences.

### FACTS AND PROCEDURAL HISTORY

**¶2** We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Mewbourn. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

**¶3** Late one night in April 2017, Mewbourn began arguing with Richard Albilar, whom Mewbourn had identified as an individual in bad standing with the Mexican Mafia. In an alleged attempt to gain acceptance into the Mexican Mafia, Mewbourn retrieved a handgun from his car as Albilar and his girlfriend, Elizabeth Smith, were leaving. Mewbourn approached Albilar's car and fired a shot at Albilar through the driver-side window and into Albilar's left arm. Smith was in the passenger seat next to Albilar when he was shot.

**¶4** At trial, to prove the counts of attempt to commit second degree murder, endangerment, and possession of a weapon by a prohibited person, the State introduced the eyewitness testimony of Albilar and Smith (the victims of the attempted murder and endangerment charges,

respectively); the testimony of the investigating officer; and the testimony of Smith's aunt and uncle, Conrad and Naomi Gaitan, who lived at the house where the events took place.

¶5        As proof of the charge of assisting a criminal street gang, Albilar testified to being a former member of the Mexican Mafia, and to currently being in bad standing. Conrad Gaitan testified that he overheard Mewbourn tell others of his own involvement with the Mexican Mafia, and was told by Mewbourn just before the shooting that Mewbourn knew Albilar was "a snitch." Finally, Detective Donald Bent—the case agent for this matter—testified to his interview with Mewbourn, during which Mewbourn admitted to involvement with the Mexican Mafia and to knowing that Albilar was on the mafia's hitlist. During Detective Bent's testimony, the video recording of his interview of Mewbourn was published to the jury.

¶6        At the close of the State's case, Mewbourn's counsel moved for a judgment of acquittal pursuant to Arizona Rule of Criminal Procedure ("Rule") 20; the court denied the motion. Only Mewbourn and his mother testified during the defense's case. On the stand, Mewbourn denied involvement with the Mexican Mafia, but admitted to knowing that Albilar was in bad standing with the mafia.

¶7        At the close of evidence, and after no objection by either party, the court presented the constitutionally required instructions to the jury, along with the instructions for each of the counts except possession of a weapon by a prohibited person. The following day, the jury returned guilty verdicts as to each count. The following week, the jury returned for presentation of the count of possession of a weapon by a prohibited person, during which the count was explained to the jury, and Officer Goodale— the only witness presented that day—testified as to Mewbourn's prior convictions. The jury was again presented with instructions, and returned a guilty verdict the same day. Shortly thereafter, the court called upon the jurors to decide aggravators—as to three of the four counts, the jury found aggravators of dangerousness, and that the crimes were committed in furtherance of a criminal street gang.

¶8        On February 23, 2018, the court conducted the sentencing hearing in compliance with Mewbourn's constitutional rights and Rule 26. The court stated that Mewbourn would be sentenced as a Category 3 offender, given his two prior convictions. Mewbourn did not object. The court assessed the presumptive sentence as to each count, A.R.S. § 13-703(J), plus five years for the aggravators, A.R.S. § 13-714, and ruled that the

sentences would run concurrently: 20.75 years' incarceration, with 269 days of pre-incarceration credit.

## DISCUSSION

**¶9**        We review Mewbourn's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Mewbourn has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Mewbourn at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Mewbourn's convictions and sentences.

**¶10**        Upon the filing of this decision, defense counsel shall inform Mewbourn of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Mewbourn shall have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶11**        For the foregoing reasons, we affirm Mewbourn's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA